# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 09-57** |
| **JOHN E. DELCO aka "Tattoo"** | **SECTION "N" (3)** |

## REPORT AND RECOMMENDATION

On June 3, 2009, defendant John E. Delco pleaded guilty to ten counts of an Indictment. Delco pleaded guilty to violations of the Federal Controlled Substances Act and to being a Convicted Felon in Possession of a Firearm. The District Court sentenced Delco to a total term of 60 months of imprisonment as to Counts 3, 4, 5 and 7, a term of 120 months as to Counts 8, 9, 12 and 14, and a term of 210 months as to Counts 11 and 13, with all such terms to be served concurrently. The District Court issued the final judgment of sentence on September 9, 2009.

On June 21, 2010, Delco filed an Appeal of Case [Doc. #74], a Motion for Leave to Appeal *In Forma Pauperis* ("IFP") [Doc. #76] and a Motion to Court for Case Documents to Help Pursue Appeal and Proper Judgment [Doc. #77]. On July 21, 2010, the District Court referred the two motions to this Court for disposition [Doc. #78]. Delco also filed a Motion to Receive Case Docket's Transcripts by Case Reporter [Doc. #79] on July 19, 2010. On August 2, 2010, the District Court also referred this motion to the Court. [Doc. #81].

A motion for IFP is granted if the appeal presents legal points that have arguable merit and are, therefore, not frivolous. *Payne v. Lynaugh*, 843 F.2d 177, 178 (5th Cir. 1988). An IFP proceeding may be dismissed if (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law and fact; or (3) it is clear that the plaintiff can prove no set of facts in support of his claims. *Id.*

As noted above, the District Court entered the judgment of sentence on September 9, 2009. The ten-day period for filing a notice of appeal under Federal Rule of Appellate Procedure 4(b)(1) expired on September 23, 2009. The 30-day period for extending the time to file the notice of appeal for excusable neglect or for good cause under Rule 4(b)(4) expired on October 23, 2009. Delco filed his notice of appeal on June 21, 2010, approximately eight months after the deadline to do so. Delco did not file a timely notice of appeal, and he has wholly failed to assert any ground for excusable neglect. *See United States v. Leijano-Cruz*, 473 F.3d 571, 574 (5th Cir. 2006). The Court finds that any appeal would therefore be frivolous and an exercise in futility. Accordingly,

**IT IS RECOMMENDED** that the Motion for Leave to Appeal *In Forma Pauperis* [Doc. #76] be DENIED and that the Motion to Court for Case Documents to Help Pursue Appeal and Proper Judgment [Doc. #77] and the Motion to Receive Case Docket's Transcripts by Case Reporter [Doc. #79] be DISMISSED WITHOUT PREJUDICE AS MOOT.

Should Delco pay the appeal fee, **IT IS FURTHER RECOMMENDED** that any order reserve his right to re-urge the Motion to Court for Case Documents to Help Pursue Appeal and Proper Judgment [Doc. #77] and the Motion to Receive Case Docket's Transcripts by Case Reporter [Doc. #79].

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana this  3rd  day of August, 2010.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**