UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES                                           CRIMINAL DOCKET

VERSUS                                                  NO.    09-057

JOHN DELCO                                              SECTION    "N"    (3)

### ORDER AND REASONS

Before the Court is a motion by the defendant, John Delco, to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. For the reasons below, the court directs the Clerk to reinstate Delco's criminal judgement to allow Delco to pursue an out-of-time appeal. Delco shall file his notice of appeal within ten days after the entry of the judgment pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i). Delco's Section 2255 motion is dismissed without prejudice.

**I. BACKGROUND**

On February 18, 2009, a federal grand jury returned a fifteen-count Indictment charging defendant John E. Delco ("Delco"), Gerald M. Roberts, and Ronald Mitchell. (Rec. Doc. 1). Delco was named in ten of the fifteen counts. Specifically, Delco was charged with one count of conspiracy to distribute less than fifty kilograms of marijuana, three counts of distribution of less than fifty kilograms of marijuana, four counts of being a felon in possession of a firearm, and two counts of distribution of less than one-hundred grams of heroin. Thereafter, Delco plead guilty to all ten counts (Rec. Doc. 38) and, on September 9, 2010, was sentenced to 210 months

incarceration. (Rec. Doc. 57, p. 2).

Delco has since filed a habeas corpus petition pursuant to 28 U.S.C. §2255 seeking to vacate, set aside, or correct the sentence imposed due to ineffective assistance of counsel. (Rec. Doc. 90). As grounds for relief, Delco asserts that he was denied effective assistance of counsel when his counsel failed to file an appeal as requested. Delco further complains that his counsel failed to challenge or object to the career offender enhancement and the pre-sentence investigation report. (Rec. Doc. 90, p. 14).

## II. LAW AND ANALYSIS

The right to effective counsel is guaranteed under the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 699, 104 S.Ct. 2052 (1984). When a petitioner raises the claim that his counsel failed to perfect a requested appeal, he must demonstrate that (1) counsel's failure fell below a objective standard of reasonableness, and that (2) the failure prejudiced the rights of the petitioner. *United States v. Martin*, No. 04-310, 2007 WL 956930, *2 (E.D.La..2007) (citing *United States v. Heckler*, 165 Fed.Appx. 360 (5th Cir. 2006) (unpublished) (citations omitted). "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe *v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Failure to inform a client of an deadline for an appeal also qualifies as professionally unreasonable conduct. *Martin*, 2007 WL 956930, at *2 (citing *United States v. Gipson*, 985 F.2d 212, 215 (5th Cir. 1993).

Rather than requiring the petitioner to show that he would have raised meritorious issues on appeal, the prejudice prong only requires that he demonstrate to a reasonable certainty that he would have filed an appeal but for the inaction of his counsel. *Id.* (citing *Heckler*, 165 Fed.Appx.

At 361) (citations omitted). However, the petitioner is not expected to meet this standard *before* an evidentiary hearing is held. See *United States v. Alvarado-Xar*, 2010 WL 2574045, *4 (S.D. Tex. 2010).

Though many of its opinions on the matter are unpublished, the Fifth Circuit has firmly held that a §2255 petitioner is entitled to an evidentiary hearing when his claim that counsel failed to perfect a requested appeal is unresolved in the record. See *United States v. Thomas*, 216 F.3d 1080, 2000 WL 729135, *1 (5th Cir. March 25, 2008) (unpublished) (holding that the district court was required to conduct an evidentiary hearing even when counsel submitted a sworn affidavit denying petitioner's allegation that she had requested an appeal); *United States v. Sheid*, 248 Fed.Appx. 543, 544 (5th Cir. Sept. 20, 2007) (unpublished) (Citing *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir.2007) and holding that an evidentiary hearing was "necessary" when the record was unclear as to whether the petitioner had requested counsel to file an appeal as alleged); *United States v. Alvarez*, 127 Fed. Appx. 587, 589 (5th Cir. Mar. 27, 2006) (unpublished) ( since a §2255 motion was entered under penalty of perjury, the petitioner's allegation was "component evidence" which the district court erred in dismissing without first conducting an evidentiary hearing).

In light of the above case law, Delco is clearly entitled to an evidentiary hearing to afford him the opportunity to substantiate his claim that counsel failed to file the requested notice of appeal. Because Delco's claim arises from an apparently undocumented conversation with his counsel, the allegation may very well remain unresolved even with an evidentiary hearing. Therefore, in order to conserve the limited resources of the Court and to alleviate the need for an evidentiary hearing, this Court believes that an out-of-time appeal is the appropriate remedy. See

*United States v. Martin*, No. 04-310, 2007 WL 956930, *2 (E.D.La. 2007) (granting an out-of-time appeal rather than an evidentiary hearing in the name of judicial economy); *United States v. West*, 240 F.3d 456, 459 (5th Cir. 2001) (explaining that an out-of-time appeal is the proper remedy when counsel of a §2255 movant fails to perfect a requested appeal).

The Fifth Circuit set forth the relevant protocol for granting an out-of-time appeal pursuant to §2255 motion in *United States v. West*, 240 F.3d at 459-62. In *West*, the Court warned that strict compliance with the Federal Rules of Appellate Procedure is "imperative" as "a district court does *not* have the authority to create appellate jurisdiction simply by ordering an out-of-time direct criminal appeal." *Id.* at 459 (emphasis in original). Accordingly, the court must dismiss the §2255 motion without prejudice and reinstate the petitioner's judgement of conviction to reset the appeal period. *Martin*, 2007 WL 956930, at *3; *West*, 240 F.3d at 459. This approach "remedies counsel's deficiency in failing to file the requested appeal by providing the petitioner the opportunity to file a notice of appeal from the re-imposed sentence within the 10 days mandated by Federal Rules of Appellate Procedure 4(b)(1)(A)(I)." *Id.*

As the resolution of the out-of-time appeal may moot or otherwise affect the other two grounds for relief set forth in the petitioner's motion, it is inappropriate for those issues to be addressed at this time. See *Welsh v. United States*, 404 F.2d 333, 333 (5th Cir. 1968), *abrogated on other grounds*, *United States v. Ortega*, 859 F.2d 327, 334 (5th Cir. 1988) ("[a] motion to vacate sentence under 28 U.S.C. §2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot"); *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972) (a prisoner's §2255 motion is "not entitled to consideration on the merits . . . [i]n view of [a] pending direct appeal").

### III. CONCLUSION

In consideration of the foregoing reasons, **IT IS ORDERED** that **Petitioner's Section 2255 motion (Rec. Doc. 90)** is hereby **DISMISSED WITHOUT PREJUDICE** and the Clerk of Court is directed to **REINSTATE** the criminal judgment. Pursuant to the Federal Rule of Appellate Procedure 4(b)(1)(A)(i), to file a timely appeal, the petitioner must file a notice of appeal from the re-imposed sentence within 10 days from entry of judgement.

New Orleans, Louisiana, this 22nd day of June 2011.

**KURT D. ENGELHARDT**
**United States District Judge**