UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 09-57 |
| JOHN E. DELCO | SECTION: "N" (3) |

REPORT AND RECOMMENDATION

Plaintiff has filed a motion requesting that counsel be appointed to represent him in his criminal appeal. [Doc. #104]. The District Court has referred the motion to this Court for a report and recommendation. [Doc. #106]. For the following reasons, it is recommended that the motion be granted.

I.     Background

On February 18, 2009, a federal grand jury returned a 15-count indictment charging defendants John E. Delco ("Delco"), Gerald M. Roberts, and Ronald Mitchell. [Doc. #1]. Delco was named in ten of the 15 counts. Specifically, Delco was charged with one count of conspiracy to distribute less than 50 kilograms of marijuana, three counts of distribution of less than 50 kilograms of marijuana, four counts of being a felon in possession of a firearm, and two counts of distribution of less than 100 grams of heroin. Thereafter, Delco pleaded guilty to all ten counts [Doc. 38] and, on September 9, 2010, the District Court sentenced him to 210 months incarceration. [Doc. #57 at p. 2].

Delco then filed a habeas corpus petition under 28 U.S.C. §2255 in which he sought to vacate, set aside, or correct the sentence imposed due to ineffective assistance of counsel. [Doc.# 90]. As grounds for relief, Delco asserted that he was denied effective assistance of counsel when

his counsel failed to file an appeal as requested. Delco further complained that his counsel failed to challenge or object to the career-offender enhancement and the pre-sentence investigation report. [Doc. #90 at p. 14].

On June 24, 2011, the District Court dismissed Delco's habeas corpus petition without prejudice but directed the Clerk of Court to reinstate Delco's criminal judgment to allow Delco to pursue an out-of-time direct appeal of the imposition of his criminal sentence. [Doc. #102 at p. 5]. On July 8, 2011, Delco filed a timely notice of appeal [Doc. #105] and this motion.

**II.     Law and Analysis**

A criminal appellant has a constitutional right to counsel on his first appeal. *Douglas v. Cal.*, 371 U.S. 353, 357 (1963); *Harris v. Day*, 226 F.3d 361, 364 (5th Cir. 2000); *United States v. Collins*, Cr. A. No. 04-50048, 2006 WL 2088063, *1 (W.D. La. June 30, 2006). An unrepresented appellant, like an unrepresented defendant at trial, is unable to protect the vital interests at stake in a direct criminal appeal. For purpose of a *Strickland v. Washington* inefficient-counsel analysis, prejudice is presumed if a defendant has no counsel on appeal. *Penson v. Ohio*, 488 U.S. 75, 88 (1988); *see also Hughes v. Booker*, 220 F.3d 346 (5th Cir. 2000); *Harris*, 226 F.3d at 364-65 (discussing the right to counsel on direct appeal).

This is Delco's first substantive appeal.[1] For the purpose of Delco's original criminal

---

[1]   The Court notes that Delco filed a notice of appeal on June 21, 2010. [Doc. #74]. At that time, Delco moved for leave to appeal *in forma pauperis*. [Doc. #76]. The District Court referred that pauper motion to this Court. [Doc. #78]. This Court issued a report and recommendation in which it recommended the denial of Delco's pauper motion because Delco had filed an untimely appeal, and any appeal would thus be frivolous. [Doc. #83]. The District Court adopted this Court's report and recommendation [Doc. #89], and the United States Court of Appeals for the Fifth Circuit then dismissed Delco's appeal as untimely. [Doc. #93]. Accordingly, for the purpose of the appeal now under consideration, and because the District Court has granted Delco the right to an out-of-time appeal, this Court

proceedings, this Court appointed counsel to represent him when he was employed at Wal-Mart and earning approximately $400.00 every two weeks. Now incarcerated, Delco is certainly indigent and satisfies the criteria for appointed counsel. And while the Court recognizes that Delco's appointed counsel represented in his motion to withdraw that he knew of no basis for an appeal by Delco and that he could no longer represent Delco in good faith, "'a criminal defendant may not be denied representation on appeal based on appointed counsel's bare assertion that he or she is of the opinion that there is no merit to the appeal.'" *Harris*, 226 F.3d at 364 (quoting *Penson*, 488 U.S. at 79). Accordingly,

**IT IS RECOMMENDED** that the Motion for Appointed Counsel [Doc. #104] be GRANTED.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to de novo review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 14th day of July, 2011.

---

considers this appeal as Delco's first *substantive* appeal, *i.e.*, the Court of Appeals will now have an opportunity to consider Delco's appeal on the merits. A thorough review of the case law has revealed no case directly on point as to whether Delco is not entitled to appointed counsel because he filed an earlier appeal that was ultimately dismissed on a procedural ground.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**