UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES                                          CRIMINAL DOCKET

VERSUS                                                 No. 09-057

JOHN E. DELCO                                          Section "N" (3)

### ORDER AND REASONS

Before the court is a motion by the defendant, John Delco to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Rec. Doc. 150.   The defendant has filed a supplemental memorandum in support of his motion.  Rec. Doc. 154.   The government has filed memoranda in opposition.  Rec. Docs. 152, 155.  Having carefully considered the parties' submissions and applicable law, the motion is **DENIED,** for the reasons set forth below.

## I.    BACKGROUND

On February 18, 2009, a federal grand jury returned a fifteen-count Indictment charging defendant John E.  Delco ("Delco"), Gerald M.  Roberts, and Ronald Mitchell for drug trafficking and firearms violations.  Delco was named in ten of those fifteen counts.  Rec. Doc. 1. Specifically, Delco was charged with one count of conspiracy to distribute less than fifty kilograms of marijuana, three counts of distribution of less than fifty kilograms of marijuana, two counts of distribution of less than one-hundred grams of heroin, and four counts of being a felon in possession of a firearm.  Delco pled guilty to all ten counts (Rec. Doc. 38) and, on September 9, 2010, was sentenced to 210 months imprisonment.  Rec. Doc. 57 at 2.

Delco has previously filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was dismissed without prejudice. Rec. Doc. 90. The court ordered the Clerk to reinstate the judgment to allow for an out-of-time appeal (Rec. Doc. 102), and on April 27, 2012, Delco's sentence was affirmed by the Fifth Circuit. The Supreme Court denied certiorari on November 2, 2012.

In the instant motion pursuant to 28 U.S.C. § 2255, Delco seeks to vacate, set aside, or correct his sentence, asserting ineffective assistance of counsel, as well as the unconstitutionality of the United States Sentencing Guidelines and other procedural rules. Rec. Doc. 150. Delco asserts the following arguments: (1) that he was denied effective assistance of counsel because his attorney failed to challenge or object to the increase of his base level offense or raise the issue on appeal; (2) that his attorney failed to object (below or on appeal) that the Indictment failed to state a specific quantity of drugs; (3) that the enhancements provided in Chapter Five of the United States Sentencing Guidelines are unconstitutional as applied because they violate his Equal Protection rights under the Fifth Amendment; and (4) that Rule 11(b)(1)(G) and Rule 32(c), (d), and (e) of the Federal Rules of Criminal Procedure, as well as 18 U.S.C. § 3552 (a) and (d), are unconstitutional as applied because they prevented Delco from knowing certain legislative facts that increased his sentence beyond the top of the guideline range for the unadjusted base offense level. Rec. Doc. 150. Finding each of the defendant's arguments to be without merit, the motion is denied.

2

## II.   LAW AND ANALYSIS

### A.   Constitutionality of the United States Sentencing Guidelines:

In his Motion and Memorandum, Delco alleges that his rights to due process and jury trial were violated by this Court's findings relating to the § 2K2.1(b)(6) enhancement.[1]  The Supreme Court in *Apprendi v. New Jersey* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and must be proved beyond a reasonable doubt."  530 U.S. 466, 490 (2000). However, the holding in *Apprendi* is "limited to the facts which increase the penalty beyond the statutory maximum, and does not invalidate a court's factual finding for the purposes of determining the applicable Sentencing Guidelines."  *United States v.  Doggett*, 230 F.3d 160, 166 (5th Cir. 2000).  Furthermore, the Supreme Court's decision in *Booker* made the sentencing guidelines advisory for the judiciary.  See *United States v. Booker*, 543 U.S. 220 (2005). Additionally, "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to a determination of a guideline sentencing range."  *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

Delco claims that the guideline enhancements, which resulted in his base offense level being increased by nine levels, were unconstitutional as applied because these adjustments involved facts beyond those established by his guilty plea.  *See* Rec. Doc. 154 at 13.  This claim

---

[1] Delco challenged the constitutionality of §2K2.1(b)(6) in his direct appeal, which was unsuccessful. (Rec. Doc. 155 at 6).

is without merit.  Delco's base offense level was set at 24, pursuant to U.S.S.G. § 2K2.1, concerning a convicted felon in possession of a firearm.  Once the base offense level was set, the level was enhanced based on specific offense characteristics.  Pursuant to § 2K2.1(b)(A), Delco's base offense level was increased by 2 levels because the offense involved three to seven firearms.  Additionally, pursuant to § 2K2.1(b)(4)(B), Delco's base offense level was increased by another 4 levels because he possessed a firearm with an obliterated serial number.   Finally, Delco's base offense level was increased by an additional 4 levels pursuant to §2K2.1(b)(6)(B), as the defendant's transfer of the firearms was in connection with another felony offense.   This would have brought the offense level to 34; however, the cumulative level determined from the application of subsections (b)(1) through (b)(4) may not exceed 29.  Thus, the adjusted offense level was 33.   This adjusted offense level was then decreased by 3 points for acceptance of responsibility, yielding a Total Offense Level of 30.

The facts used to calculate Delco's offense level were all contained in the Factual Basis, which Delco and his counsel signed prior to his guilty plea.  Therefore, this court did not go beyond facts which the defendant himself approved and accepted.  Moreover, even if the court had gone beyond the facts established in the Factual Basis, this would not have been improper, for the court is entitled to consider all facts necessary to determine the appropriate guideline range.  *Mares*, 402 F.3d at 519.  *Apprendi* does not apply to this determination, as the sentence imposed did not go beyond the statutory maximum.[2]   Likewise, the determination that Delco

---

[2] As to Counts 11 and 13, the statutory maximum was 20 years.  Therefore, Delco's sentence did not go beyond the statutory maximum and was within the applicable guideline range.

was career offender within the meaning of U.S.S.G. §4B1.1, was based on his prior felony convictions, facts which need not be determined by a jury.[3]  *See Pepper v.  United States*, 131 S.Ct. 1229,1235 (2011) ("This Court has long recognized that sentencing judges 'exercise a wide discretion' in the types of evidence they may consider when imposing sentence and that '[h]ighly relevant—if not essential—to [the] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics.'").

Delco also alleges that Chapter Five of the United States Sentencing Guidelines is unconstitutional as applied because criminal defendants in state court proceedings are constitutionally protected from judge-made findings that increase their sentences, whereas federal defendants are not.   This argument likewise fails.  First, the Supreme Court has repeatedly upheld the Sentencing Guidelines against "basic constitutional challenges."  *United States v.  Woolford*, 896 F.2d 99, 101 (5th Cir. 1990).   Second, Delco is simply mistaken in his assertion that defendants in state court proceedings are not subject to judge-made findings that can increase their sentences.  *See State v.  Smith*, 639 So.2d 237, 239 (La. 1994) ( holding that sentencing guidelines are only mandatory to the extent that the judge must consider them and a judge may reject the guidelines and impose a sentence that is not constitutionally excessive). State court judges, like their federal counterparts, have discretion to adopt a sentence within the guidelines or deviate from the sentence recommended by the guidelines.  *Id*. at 242.   Thus, Delco's equal protection argument fails.

---

[3] Even without the determination that Delco was a career offender under U.S.S.G. §4B1.1, his Criminal History Category still would have been VI, for he had 16 criminal history points.  As discussed above, Delco's offense level was based on offense specific adjustments related to the firearms offenses, not based upon the career offender provisions of the guidelines.

**B.**     <u>**Ineffective Assistance of Counsel**</u>:

Under the Sixth Amendment, "the right to counsel is the right to effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (internal quotations and citations omitted). To demonstrate that he received ineffective assistance of counsel, a defendant must show: (1) that counsel's performance was deficient; and (2) that the performance prejudiced the defense. As to the first prong of the standard, an attorney's services are measured by an objective standard of reasonableness, and the defendant must show that his attorney's actions fell below that standard by "identify[ing] the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 687, 690. Furthermore, a strong presumption exists in favor of adequate assistance of counsel. *Id.* at 689-90. As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Delco argues that his counsel was ineffective due to his failure to object to the § 2K2.1 sentencing enhancements. This argument is without merit. As discussed above, adjustments to the base offense level were based on specific characteristics of the firearms offenses and on facts contained in the Factual Basis, which was approved and accepted by Delco himself. Rec. Doc. 152 at 5. Moreover, as discussed *supra*, Delco is simply wrong in his argument that the facts used to increase his sentence required determination by a jury. Therefore, his counsel's failure to object to the Court's determination of such facts did not fall below the objective standard of reasonableness. Furthermore, given the law supporting the constitutionality of these enhancements, the defendant does not meet the burden of demonstrating that but for his counsel

failing to object to these enhancements, the result of the sentencing hearing would have been different.

Additionally, Delco asserts that his counsel was ineffective for not objecting to the Indictment's failure to allege or indicate a specific amount of drugs.  This argument is also without merit.  The Fifth Circuit has held that a drug-quantity range, rather than specific amount of drugs, is sufficient to satisfy *Apprendi*.[4]  See *United States v.  DeLeon*, 247 F.3d 593, 597 (5th Cir.  2001) (counts only listed a drug-quantity range and cited to the relevant portions of §841(b)(1)).  The Indictment here, much like the indictment in *DeLeon*, listed a drug-quantity range for each of the drug charges and cited to the relevant subparagraph or subsection of section 841(b).  *Id*.  Thus, Delco had sufficient notice of the drug charges against him and what his maximum sentence might be as to those charges.  For all of these reasons, it is clear that the performance of Delco's counsel was not deficient for failing to object to the indictment.  Delco has failed to establish that his counsel's performance fell below the standard of reasonableness in any regard, much less that he was prejudiced by his counsel's performance.

**C.**     **Constitutionality of Federal Rules of Criminal Procedure and 18 U.S.C. §
        3552(a) and (d)**

Delco also alleges that Rule 11(b)(1)(G) and Rule 32(c), (d), and (e) of the Federal Rules of Criminal Procedure and 18 U.S.C.  § 3552(a) and (d) are unconstitutional as applied because they failed to provide notice before his guilty plea of facts that increased his sentence above the top of the Guidelines range for the base offense level (without adjustments for offense specific

---

[4] While the defendant was also sentenced on drug charges, the offense level calculated by the sentencing guidelines was not determined based upon drug quantity. The offense level was calculated based off §2K2.1 and subsequent enhancements concerning a convicted felon in possession of a firearm.

adjustments).   Rec. Doc. 154 at 31.   Delco also claims that because he did not have "notice of Guideline departures that increased his sentence beyond the facts he plead guilty to," his guilty plea was not made intelligently and voluntarily and that had he known this, he would have opted for trial instead.[5]  Rec. Doc. 154 at 31.  This argument fails.  To enter into a valid guilty plea, "[t]he defendant need only understand the direct consequences of the plea; he need not be made aware every consequence that, absent a plea of guilty, would not otherwise occur." *United States v. Hernandez*, 234 F.3d 252, 255 (5th Cir. 2000).   Furthermore, "[t]he consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged.   As long as [the defendant] understood the length of the time he might possibly receive, he was fully aware of his plea's consequences." *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990) (internal quotations and citation omitted).

Delco was aware of his sentencing exposure for the counts to which he plead guilty, as he was informed of the maximum penalties at his re-arraignment.  Rec. Doc. 38.   Furthermore, once he and his counsel received the Pre-Sentence Investigation Report to review, Delco had the opportunity to object to its findings and calculations concerning his sentence.   As the government points out, it seems as though Delco now regrets his decision to plead guilty and wishes to withdraw this plea.   Rec. Doc. 152.   However, unhappiness with the sentence imposed is not a legitimate basis for invalidating a guilty plea.  *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990) (changing one's mind after learning of the ultimate consequences of one's plea is not sufficient to warrant withdrawal of a guilty plea after sentencing).   Delco's

---

[5]  Throughout his motion papers, Delco makes reference to "departures" and "variances" from the Guidelines, equating adjustments under the Guidelines to departures from the Guidelines.   The Court did not depart or vary from the Guidelines in sentencing Delco.

guilty plea satisfies all the requirements for a knowing and voluntary plea.   He was given sufficient notice of the counts to which he pled guilty, the maximum penalties for each of those counts, as well as the nature and role of the Sentencing Guidelines.   Despite the career offender determination and upward adjustments to the base offense level, Delco was sentenced within the statutory maximum.   Whether or not he knew he would be subject to such adjustments does not affect the voluntariness of his plea.   *See Pearson*, 910 F.2d at 223 (the court is not required to explain which guidelines or adjustments, including the career offender enhancement which can significantly increase a sentence, are applicable to a defendant before accepting a plea). Therefore, the aforementioned rules are not unconstitutional as applied, and Delco entered a knowing guilty plea.

## III.   CONCLUSION:

For the foregoing reasons; accordingly,

**IT IS ORDERED** that the defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (**Rec. Doc. 150,** as supplemented in Rec. Doc. 154) is hereby **DENIED**.

New Orleans, Louisiana, this 21st day of July, 2014.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**