UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 09-57 |
| JOHN DELCO | SECTION M (3) |

**ORDER & REASONS**

Before the Court is defendant John Delco's motion to reduce sentence pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (2019).[1]  In accordance with the briefing schedule set by the Court,[2] the government filed a response,[3] to which Delco did not file a reply.  Having considered the parties' memoranda, the record, and the applicable law, the Court transfers Delco's motion to the Fifth Circuit for consideration as a successive motion under 28 U.S.C. § 2255.

**I.   BACKGROUND**

On June 3, 2009, Delco, without a plea agreement, pleaded guilty to several counts of the indictment filed against him, including Counts 8, 9, 12, and 14, being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[4]  On September 9, 2009, the Court sentenced Delco to imprisonment for 60 months as to Counts 3, 4, 5, and 7; 120 months as to Counts 8, 9, 12, and 14; and 210 months as to Counts 11 and 13, all terms to be served concurrently.[5]

---

[1] R. Doc. 206.
[2] R. Doc. 211.
[3] R. Doc. 212.
[4] R. Doc. 118 at 1-5.
[5] R. Doc. 57.

On October 31, 2013, Delco filed a motion to vacate under 28 U.S.C. § 2255, based on ineffective assistance of counsel and challenges to the U.S. Sentencing Guidelines and related rules and statutes.[6] The Court denied his petition.[7] Delco filed another motion to vacate under § 2255 on December 23, 2015,[8] which the Court transferred to the Fifth Circuit as an unauthorized successive motion under § 2255;[9] the Fifth Circuit then denied Delco leave to file this successive motion.[10] On June 9, 2016, Delco filed a third motion to vacate under § 2255,[11] which Delco later voluntarily dismissed pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.[12]

## II.  LAW & ANALYSIS

Delco now asks "the Court to review [his] case," believing that he "might potential[ly] be eligibl[e] for retroactive relief" in light of the Supreme Court's recent decision in *Rehaif*.[13]

The government responds by arguing that the Court is without jurisdiction to consider Delco's motion because it is an unauthorized successive petition under § 2255.[14]

The Court agrees with the government that Delco's motion is an unauthorized successive petition under § 2255. That Delco does not mention § 2255 is inapposite: Delco's post-judgment motion seeks relief from his conviction and sentence, and thus is substantively within the scope of § 2255. *See United States v. Stevenson*, 2012 WL 12953728, at *1 (E.D. La. Feb. 23, 2012) ("Any motion filed in the district court that imposed the defendant's sentence that is substantively within

---

[6] R. Doc. 150.
[7] R. Doc. 156.
[8] R. Doc. 169.
[9] R. Doc. 170.
[10] R. Doc. 172.
[11] R. Doc. 174.
[12] R. Doc. 190.
[13] R. Doc. 206. Delco also sought appointment of counsel, which the Court denied on March 13, 2020. *See* R. Doc. 213.
[14] R. Doc. 212 at 2.

the scope of § 2255, is a motion under § 2255 regardless of the title the defendant gives the motion.") (citation omitted).

Delco's motion is a successive § 2255 petition because it raises a new ground for post-conviction relief. *See United States v. Richardson*, 2017 WL 785269, at *2 (E.D. La. Mar. 1, 2017) ("[The defendant]'s post-judgment motion asks this Court to consider evidence not raised in his original § 2255 petition because he believes that the new evidence provides an additional ground for vacating his conviction. Therefore, [the] petition raising a new ground for post-conviction relief constitutes a second-or-successive petition.") (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). While the Supreme Court had not yet decided *Rehaif* at the time of Delco's original petition in 2013, the issue addressed in *Rehaif*[15] had been percolating in the courts for years before then and therefore Delco could have raised it earlier. *See Propes v. Quarterman*, 573 F.3d 225, 229 (5th Cir. 2009) ("[A § 2255 petition] is successive when it … presents a challenge to the petitioner's conviction or sentence that could have been presented in an earlier petition ….") (citation omitted); *United States v. Scott*, 2020 WL 1030927, at *13 (E.D. La. Mar. 3, 2020) ("the issue [in *Rehaif*] had been litigated in federal courts across jurisdictions for many years") (citing, *inter alia, United States v. Butler,* 637 F.3d 519, 524 (5th Cir. 2011) (collecting pre-2011 cases examining issue subsequently resolved in *Rehaif*)).

Section 2255(h) requires that the appropriate court of appeals certify second or successive motions. *Stevenson*, 2012 WL 12953728, at *1 (citing 28 U.S.C. § 2255); *see also United States v. West*, 2020 WL 759419, at *1-2 (N.D. Tex. Feb. 14, 2020) (explaining that a successive petition seeking relief under *Rehaif* must obtain certification from the court of appeals to proceed). Delco

---

[15] Namely, whether, to convict a person under 18 U.S.C. §§ 922(g) and 924(a)(2), the government must prove that the defendant knew he possessed a firearm and also that he knew of his status as a person barred from possessing a firearm when he possessed it. *Rehaif*, 139 S. Ct. at 2194. The Supreme Court answered in the affirmative. *Id.*

has not shown that he has obtained permission from the court of appeals to file this motion, and therefore, the Court is without jurisdiction to consider it.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Delco's motion to reduce sentence (R. Doc. 206) is TRANSFERRED to the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 1631 as an unauthorized successive petition.

New Orleans, Louisiana, this 30th day of April, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE