UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 09-57 |
| JOHN DELCO | SECTION M (3) |

### ORDER & REASONS

Before the Court is the emergency COVID-19 motion of defendant John Delco for reconsideration.[1] The government opposes the motion.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying Delco's motion because he did not fully exhaust his administrative remedies as required by statute.

### I.   BACKGROUND

On June 3, 2009, Delco, without a plea agreement, pleaded guilty to the following counts of the indictment filed against him: Count 3, conspiracy to distribute less than 50 kilograms of marijuana; Counts 4, 5, and 7, distribution of less than 100 grams of marijuana; Counts 8, 9, 12, and 14, convicted felon in possession of a firearm; and Counts 11 and 13, distribution of less than 100 grams of heroin.[3] On September 9, 2009, the Court sentenced Delco to imprisonment for 60 months as to Counts 3, 4, 5, and 7; 120 months as to Counts 8, 9, 12, and 14; and 210 months as to Counts 11 and 13, to be served concurrently.[4] Delco is presently incarcerated at the Federal Medical Center in Butner, North Carolina ("FMC Butner"), operated by the Bureau of

---

[1] R. Doc. 230.
[2] R. Doc. 233.
[3] R. Doc. 118 at 1-5.
[4] R. Doc. 57. The sentence was imposed before the case was reassigned to this section of court upon the confirmation of the undersigned. R. Doc. 196.

Prisons (the "BOP"). His projected release date is January 15, 2024.[5]

On May 11, 2020, due to the outbreak of the COVID-19 pandemic, Delco submitted to the BOP a request for compassionate release pursuant to the First Step Act, explaining that he has hypertension (one of the COVID-19 risk factors identified by the Centers for Disease Control ("CDC")), and requesting that he be placed in home confinement or a halfway house.[6] On May 18, 2020, the FMC Butner warden informed Delco that his request was denied because he did not meet the criteria for a reduction in sentence in accordance with guidelines established under BOP "Program Statement 5050.50," specifically, he did not meet the criteria under "Debilitated," explaining that he is "independent of [his] activities of daily living and [his] current medical conditions are under control."[7] On May 28, 2020, Delco tried again, submitting a request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) or transfer to home confinement for the remainder of his sentence pursuant to 18 U.S.C. § 3624(c)(2), section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), and the Attorney General's April 3, 2020 Memorandum to the Director of the BOP, "Increasing Use of Home Confinement at Institutions Most Affected by COVID-19."[8] Delco represented that he is at risk because he is over the age of 50 (although his records show he is 49, and does not turn 50 until the end of 2020),[9] suffers from hypertension, had back

---

[5] Inmate Locator, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last accessed on Sept. 17, 2020).

[6] R. Doc. 219-1 at 22.

[7] *Id.* at 19. According to the government's communications with BOP legal counsel, the BOP also considered whether Delco was eligible for home confinement in accordance with the Attorney General's March 26, 2020 memorandum directing the Director of the BOP to prioritize transferring at-risk inmates to home confinement where appropriate in light of the COVID-19 pandemic. R. Doc. 223 at 5, 7; *see* Memorandum from the Attorney General to the Director of the BOP, *Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic* (Mar. 26, 2020), *available at* https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement.pdf. The BOP determined that Delco was not a candidate for home confinement because his Prisoner Assessment Tool Targeting Estimated Risk and Need ("PATTERN") score indicated he had a medium, rather than minimum, risk of recidivism. R. Doc. 223 at 7.

[8] R. Doc. 219-1 at 15.

[9] *Id.* at 2.

surgery in December 2015, has neck and leg nerve damage, and is an African-American male.[10] On June 23, 2020, Delco appealed the warden's denial of his request (according to Delco, the request was denied on June 19, 2020), arguing that the denial was based on the "old" Program Statement 5050.50, even though that program statement was updated and amended by the Attorney General on March 26, 2020.[11] On July 2, 2020, the warden denied his appeal, explaining that Delco was found not to be medically compromised and has a "medium" PATTERN risk score, and that the Attorney General's expansion of the BOP's authority, in order to address the difficulties associated with the COVID-19 pandemic, was not an amendment to the program statement.[12]

On July 7, 2020, Delco filed an emergency COVID-19 motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and request for appointment of legal counsel.[13] This Court denied both requests in its Order & Reasons on August 7, 2020.[14] Before the Order & Reasons was issued, Delco sought an extension of time to file a reply in support of his motion on the basis that his medical records had not yet arrived from the BOP.[15] This motion was denied as moot since the Court had already issued its Order & Reasons.[16] In the present motion, because his medical records, once received, revealed a previously unknown diagnosis of type II diabetes mellitus, Delco asks the Court to reconsider its Order & Reasons denying his July 7, 2020 motion.[17]

---

[10] *Id.* at 15-16.
[11] R. Doc. 224 at 3.
[12] *Id.* at 4.
[13] R. Doc. 219.
[14] R. Doc. 226.
[15] R. Doc. 225.
[16] R. Doc. 227.
[17] R. Docs. 230 at 1; 230-1 at 3.

## II.   PENDING MOTION

Delco, proceeding *pro se*, argues that he is entitled to compassionate release because his recent diagnosis of type II diabetes mellitus puts him at a higher risk of complications were he to contract COVID-19.[18]  He contends that this July 20, 2020 diagnosis, which was unknown to him until he received his medical records, should be considered new evidence that would allow for reconsideration of this Court's prior order.[19]  If released, Delco stipulates he can live with and care for his elderly grandfather who was recently diagnosed with Alzheimer's disease.[20]

In opposition, the government argues that the motion is premature because Delco has not exhausted the statutory administrative requirements for compassionate release.[21]  In addition, while the government concedes that this new diagnosis is an "extraordinary and compelling reason" that could support a reduction in sentence,[22] it reasserts its previously-stated positions that Delco presents a danger to the safety of the community and that this Court lacks the power to order the BOP to place him with his grandfather.[23]

## III.   LAW & ANALYSIS

Although Delco frames his present motion as one for reconsideration, it is properly construed as a new motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) based on his recent diabetes diagnosis.  This is not a case where a defendant submits a second request for compassionate release highlighting a medical condition known to exist at the time he made a first request but different from the condition upon which the first request was premised.[24]  Here, Delco is asserting a previously unknown basis for compassionate release and, consequently, his

---

[18] R. Doc. 230 at 1-3.
[19] *Id.* at 1.
[20] *Id.* at 8.
[21] R. Doc. 233 at 5-8.
[22] *Id.* at 8.
[23] *Id.* at 12.
[24] R. Doc. 226 at 11-12 n. 30.

motion should be treated as a new motion, not as one for reconsideration. Regardless, Delco's present motion fares no better than his previous motion because he still fails the requirement that he exhaust administrative remedies.

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582." *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010). Section 3582(c), as amended by the First Step Act, provides that "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). The reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii). "The Sentencing Commission's relevant policy statement provides that extraordinary circumstances exist when the defendant suffers from a terminal illness or 'serious physical or medical condition' that 'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'" *United States v. Perdigao*, 2020 WL 1672322, at *1 (E.D. La. Apr. 2, 2020) (quoting U.S.S.G. § 1B1.13). The policy statement also provides that a sentence may only be reduced if the court determines that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Section 3142(g) requires the court to consider factors such as the nature and circumstances of the charged offense, the history and characteristics of the defendant, and the nature and seriousness of the danger to any person or the community at large posed by the defendant's release. 18 U.S.C. § 3142(g).

Under 18 U.S.C. §3582(c)(1)(A), federal courts "may not modify a term of imprisonment once it has been imposed [except upon the motion of the BOP or the defendant] after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The Fifth Circuit recently clarified that this requirement is not jurisdictional but is a mandatory claim-processing rule. *United States v. Franco*, 2020 WL 5249369, at *1-2 (5th Cir. Sept. 3, 2020) ("all requests for compassionate release must be presented to the [BOP] before they are litigated in the federal courts"). Thus, a court cannot consider the merits of a motion to reduce or modify a defendant's sentence until the defendant demonstrates that his administrative remedies have been exhausted.

With his present motion, Delco provides no proof that he has applied to the warden at FMC Butner for a reduction in sentence based on the new information of his diagnosis of type II diabetes mellitus.[25] To be sure, he does not even make a naked assertion that he has done so. Instead, Delco's current motion attaches the same information addressing "exhaustion of administrative remedies" as was attached to his July 7, 2020 motion.[26] As explained in the Court's August 7, 2020 Order & Reasons, this information did not demonstrate that Delco had exhausted his administrative remedies with respect to the previous motion based on the medical conditions then known to him, so the request for compassionate release was not properly before the Court.[27] If this same information constitutes Delco's predicate for proceeding with his current motion for reconsideration, it still fails to reflect an exhaustion of administrative remedies for all the reasons stated in the August 7, 2020 Order & Reasons. However, because Delco's current motion is based on his recent diabetes diagnosis, the record before the Court on

---

[25] R. Doc. 233 at 8.
[26] *Compare* R. Doc. 230-1 at 12-17, *with* R. Doc. 219-1 at 14-18 & 22.
[27] R. Doc. 226 at 8-11.

6

the current motion is materially different from the record the Court considered in conjunction with his previous motion. *See United States v. Bolino*, 2020 WL 32461, at *2 (E.D.N.Y. Jan. 2, 2020) ("A court must have the record so that it can determine whether there are material differences between the application rejected by the BOP and the one placed before the Court; if there are, then the claim has not been exhausted."). Nevertheless, on the current record, Delco makes no showing he has even begun the administrative process with respect to this new medical condition by making a request to the warden for compassionate release based on his diabetes diagnosis, much less that he has exhausted his administrative remedies. Therefore, this Court cannot consider the merits of Delco's motion at this time.

### IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that John Delco's emergency motion for reconsideration, construed as a motion for compassionate release based on the diabetes diagnosis, is denied without prejudice to his refiling the motion once he achieves one of the two avenues for exhaustion under 18 U.S.C. § 3582(c)(1)(A).

New Orleans, Louisiana, this 18th day of September, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE