UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                           CRIMINAL ACTION

VERSUS                                             NO. 09-57

JOHN DELCO                                         SECTION M (3)

**<u>ORDER & REASONS</u>**

Before the Court is the second emergency COVID-19 motion of defendant John Delco for reconsideration.¹ The government opposes the motion,² and Delco replies in further support of his motion.³ Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying Delco's motion because he still has not fully exhausted his administrative remedies as required by statute.

**I.   BACKGROUND**

On June 3, 2009, Delco, without a plea agreement, pleaded guilty to the following counts of the indictment filed against him: Count 3, conspiracy to distribute less than 50 kilograms of marijuana; Counts 4, 5, and 7, distribution of less than 100 grams of marijuana; Counts 8, 9, 12, and 14, convicted felon in possession of a firearm; and Counts 11 and 13, distribution of less than 100 grams of heroin.⁴ On September 9, 2009, the Court sentenced Delco to imprisonment for 60 months as to Counts 3, 4, 5, and 7; 120 months as to Counts 8, 9, 12, and 14; and 210 months as to Counts 11 and 13, to be served concurrently.⁵ Delco is presently incarcerated at the

---

¹ R. Doc. 242.
² R. Doc. 244.
³ R. Doc. 245.
⁴ R. Doc. 118 at 1-5.
⁵ R. Doc. 57. The sentence was imposed before the case was reassigned to this section of court upon the confirmation of the undersigned. R. Doc. 196.

Federal Medical Center in Butner, North Carolina ("FMC Butner"), operated by the Bureau of Prisons (the "BOP"). His projected release date is January 15, 2024.[6]

On May 11, 2020, due to the outbreak of the COVID-19 pandemic, Delco submitted to the BOP a request for compassionate release pursuant to the First Step Act, explaining that he has hypertension (one of the COVID-19 risk factors identified by the Centers for Disease Control ("CDC")), and requesting that he be placed in home confinement or a halfway house.[7] On May 18, 2020, the FMC Butner warden informed Delco that his request was denied because he did not meet the criteria for a reduction in sentence in accordance with guidelines established under BOP "Program Statement 5050.50," specifically, he did not meet the criteria under "Debilitated," explaining that he is "independent of [his] activities of daily living and [his] current medical conditions are under control."[8] On May 28, 2020, Delco tried again, submitting a request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) or transfer to home confinement for the remainder of his sentence pursuant to 18 U.S.C. § 3624(c)(2), section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), and the Attorney General's April 3, 2020 Memorandum to the Director of the BOP, "Increasing Use of Home Confinement at Institutions Most Affected by COVID-19."[9] Delco represented that he is at risk because he is over the age of 50 (although his records show

---

[6] Inmate Locator, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last accessed on Oct. 19, 2020).

[7] R. Doc. 219-1 at 22.

[8] *Id.* at 19. According to the government's communications with BOP legal counsel, the BOP also considered whether Delco was eligible for home confinement in accordance with the Attorney General's March 26, 2020 memorandum directing the Director of the BOP to prioritize transferring at-risk inmates to home confinement where appropriate in light of the COVID-19 pandemic. R. Doc. 223 at 5, 7; *see* Memorandum from the Attorney General to the Director of the BOP, *Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic* (Mar. 26, 2020), *available at* https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement.pdf. The BOP determined that Delco was not a candidate for home confinement because his Prisoner Assessment Tool Targeting Estimated Risk and Need ("PATTERN") score indicated he had a medium, rather than minimum, risk of recidivism. R. Doc. 223 at 7.

[9] R. Doc. 219-1 at 15.

2

he is 49, and does not turn 50 until the end of 2020),[10] suffers from hypertension, had back surgery in December 2015, has neck and leg nerve damage, and is an African-American male.[11] On June 23, 2020, Delco appealed the warden's denial of his request (according to Delco, the request was denied on June 19, 2020), arguing that the denial was based on the "old" Program Statement 5050.50, even though that program statement was updated and amended by the Attorney General on March 26, 2020.[12] On July 2, 2020, the warden denied his appeal, explaining that Delco was found not to be medically compromised and has a "medium" PATTERN risk score, and that the Attorney General's expansion of the BOP's authority, in order to address the difficulties associated with the COVID-19 pandemic, was not an amendment to the program statement.[13]

On July 7, 2020, Delco filed an emergency COVID-19 motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and request for appointment of legal counsel.[14] This Court denied both requests in its Order & Reasons on August 7, 2020.[15] Delco had sought an extension of time to file a reply in support of his motion on the basis that his medical records had not yet arrived from the BOP,[16] but this motion was denied as moot.[17]

Thereafter, Delco filed a motion for reconsideration asserting that, because his medical records, once received, revealed a previously unknown diagnosis of type II diabetes mellitus, the Court should reconsider its Order & Reasons denying his July 7, 2020 motion.[18] Delco argued that he was entitled to compassionate release because his recent diagnosis of type II diabetes

---

[10] *Id.* at 2.
[11] *Id.* at 15-16.
[12] R. Doc. 224 at 3.
[13] *Id.* at 4.
[14] R. Doc. 219.
[15] R. Doc. 226.
[16] R. Doc. 225.
[17] R. Doc. 227.
[18] R. Doc. 230.

mellitus puts him at a higher risk of complications were he to contract COVID-19.[19] He contended that this July 20, 2020 diagnosis, which was unknown to him until he received his medical records, should be considered new evidence that would allow for reconsideration of this Court's prior order.[20] In opposition, the government argued that the motion was premature because Delco had not exhausted the statutory administrative requirements for compassionate release.[21] The Court construed the motion, not as one for reconsideration, but as a new motion for reduction in sentence pursuant to 18 U.S.C. § 3582( c)(1)(A) based on his diagnosis of type II diabetes mellitus.[22] Nevertheless, the Court denied the motion, holding that Delco provided no proof that he applied to the warden of FMC Butner for a reduction in sentence based on the diabetes diagnosis, much less that he had exhausted his administrative remedies.[23]

## II. PENDING MOTION

Delco now moves for reconsideration of this Court's September 21, 2020 Order & Reasons denying his motion for reconsideration that was treated as a new motion for reduction in sentence.[24] Delco presents what he contends is evidence that he has exhausted his administrative remedies.[25] The documents show that, on June 26, 2020, Delco made an administrative request to the warden of FMC Butner for a reduction in his sentence.[26] Further, Delco submitted an appeal to the mid-Atlantic regional office on August 1, 2020.[27]

In opposition, the government argues that the documents Delco submits do not show that he fully exhausted his administrative remedies by appealing any denial to the BOP's general

---

[19] *Id.* at 1-3.
[20] *Id.* at 1.
[21] R. Doc. 233 at 5-8.
[22] R. Doc. 236.
[23] *Id.*
[24] R. Doc. 242.
[25] *Id.* at 2-6.
[26] *Id.* at 2-3.
[27] *Id.* at 4-5.

counsel.[28] The government also argues that Delco has not proved that he submitted a second administrative request for emergency release based on his diabetes diagnosis.[29]

In his reply memorandum, Delco shows that on September 29, 2020, he did file a request for compassionate release with the warden of FMC Butner citing his diabetes,[30] and that on October 2, 2020, the warden denied the request, construing it as a repeat filing.[31] Delco insists that these additional documents reflect that he has exhausted his administrative remedies.

## III. LAW & ANALYSIS

Motions for reconsideration of interlocutory orders are governed by Rule 54(b) of the Federal Rules of Civil Procedure, which provides in pertinent part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Under Rule 54(b), a district court "is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). Unlike motions to alter or amend a judgment under Rule 59(e), "Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting 'the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015)) (internal citations and quotations omitted). However, the district court must exercise this broad discretion sparingly to forestall the perpetual reexamination of orders

[28] R. Doc. 244 at 1.
[29] *Id.* at 2.
[30] R. Doc. 245 at 8-11.
[31] *Id.* at 12.

and the resulting burdens and delays. *See Calpecto 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993) ("[If] the district court was required to reconsider [an interlocutory order] simply because [the losing party] belatedly came forward with evidence not submitted prior to the ruling[,] … the cycle of reconsideration would be never-ending."); *Domain Protection, LLC v. Sea Wasp, LLC*, 2019 WL 3933614, at *5 (E.D. Tex. Aug. 20, 2019) ("[A]lthough a district court *may* revisit an interlocutory order on any ground it sees fit, it may also use its discretion to prevent parties from, without justification, raising new arguments for the first time.") (emphasis in original; alterations, internal quotation marks, and citation omitted); 18B CHARLES A. WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4478.1 (3d ed. 2019).

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582." *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010). Section 3582(c), as amended by the First Step Act, provides that "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Under 18 U.S.C. §3582(c)(1)(A), federal courts "may not modify a term of imprisonment once it has been imposed [except upon the motion of the BOP or the defendant] after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

The Fifth Circuit recently clarified that this requirement is not jurisdictional but is a mandatory claim-processing rule. *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020)

("all requests for compassionate release must be presented to the [BOP] before they are litigated in the federal courts"). Thus, a court cannot consider the merits of a motion to reduce or modify a defendant's sentence until the defendant demonstrates that his administrative remedies have been exhausted.

To "fully exhaust all administrative remedies" under § 3582(c)(1)(A), an inmate who is not satisfied with the warden's response:

> may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. ... Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15(a). These time limits may be extended upon the inmate's demonstration of a valid reason for delay. *Id.* If an inmate does not receive a response within the time allotted, the inmate may consider the absence of a response a denial at that level and proceed to the next level. An inmate may seek relief in federal court only after he has exhausted all levels of the administrative review process. *See Lundy v. Osborn*, 555 F.2d 534, 535 (5th Cir. 1977) ("Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.").

On June 26, 2020, Delco presented an administrative request for compassionate release to the warden of FMC Butner,[32] who extended the time for response to August 5, 2020.[33] Thereafter, on August 1, 2020,[34] Delco appealed to the regional director, who also extended the time for response to September 30, 2020.[35] Delco filed his current motion for reconsideration on

---

[32] R. Doc. 242 at 2.
[33] *Id.* at 3.
[34] *Id.* at 4.
[35] *Id.* at 5. Because Delco claims he discovered his diabetes diagnosis on July 20, 2020, his June 26, 2020 request for sentence reduction could not have contemplated it, so the diabetes diagnosis cannot have been part of his August 1, 2020 administrative appeal.

September 25, 2020, and consequently, he has not (and could not have) presented any evidence with his motion that the regional director failed to respond by September 30, 2020, or that he appealed an unsatisfactory decision by the regional director to the BOP's general counsel. Thus, Delco has not proved that he exhausted his administrative remedies, and this Court may not act on his motion for compassionate release.

The documents Delco supplies with his reply do not alter this conclusion. Although Delco, on September 29, 2020, did finally submit a request for compassionate release or sentence reduction to the warden of FMC Butner based on his July 2020 diabetes diagnosis,[36] and on October 2, 2020, the warden denied it as cumulative (a "repeat filing"),[37] Delco has not demonstrated that he appealed the warden's October 2, 2020 denial to the regional director, or that he appealed any unsatisfactory decision by the regional director to the BOP's general counsel. Therefore, absent the requisite showing of exhaustion of administrative remedies, this Court cannot consider the merits of Delco's motion at this time.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that John Delco's second emergency motion for reconsideration, this one construed as a motion for reconsideration, is denied without prejudice to his refiling the motion once he achieves one of the two avenues for exhaustion under 18 U.S.C. § 3582(c)(1)(A).

New Orleans, Louisiana, this 20th day of October, 2020.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[36] R. Doc. 245 at 8.
[37] *Id.* at 12.