UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                           CRIMINAL ACTION

VERSUS                                             NO. 09-57

JOHN DELCO                                         SECTION M (3)

**ORDER & REASONS**

Before the Court is a motion by defendant John Delco for compassionate release related to the COVID-19 pandemic.[1] The government opposes the motion.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying Delco's motion because he has not shown that there are extraordinary and compelling reasons warranting his release.

**I.    BACKGROUND**

On June 3, 2009, Delco, without a plea agreement, pleaded guilty to the following counts of the indictment filed against him: Count 3, conspiracy to distribute less than 50 kilograms of marijuana; Counts 4, 5, and 7, distribution of less than 100 grams of marijuana; Counts 8, 9, 12, and 14, convicted felon in possession of a firearm; and Counts 11 and 13, distribution of less than 100 grams of heroin.[3] On September 9, 2009, the Court sentenced Delco to imprisonment for 60 months as to Counts 3, 4, 5, and 7; 120 months as to Counts 8, 9, 12, and 14; and 210 months as to Counts 11 and 13, all to be served concurrently.[4] Delco is presently incarcerated at

---

[1] R. Doc. 248.
[2] R. Doc. 250.
[3] R. Doc. 38.
[4] R. Doc. 57. The sentence was imposed before the case was reassigned to this section of court upon the confirmation of the undersigned. R. Doc. 196.

the federal correctional institution in Yazoo City, Mississippi, which is operated by the federal Bureau of Prisons ("BOP").[5]  His projected release date is January 15, 2024.[6]

On May 11, 2020, due to the outbreak of the COVID-19 pandemic, Delco submitted to the BOP a request for compassionate release pursuant to the First Step Act, explaining that he has hypertension (one of the COVID-19 risk factors identified by the Centers for Disease Control ("CDC")), and requesting that he be placed in home confinement or a halfway house.[7]  On May 18, 2020, the warden of the federal medical center in Butner, North Carolina, where Delco was being held at the time, informed Delco that his request was denied because he did not meet the criteria for a reduction in sentence in accordance with guidelines established under BOP "Program Statement 5050.50."  Specifically, the warden advised Delco that he did not meet the criteria under "Debilitated," explaining that he is "independent of [his] activities of daily living and [his] current medical conditions are under control."[8]

On May 28, 2020, Delco tried again, submitting a request for either compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) or transfer to home confinement for the remainder of his sentence pursuant to 18 U.S.C. § 3624(c)(2), section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), and the Attorney General's April 3, 2020 Memorandum to the Director of the BOP, "Increasing

---

[5] Inmate Locator, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last accessed on 8/24/21).
[6] *Id.*
[7] R. Doc. 219-1 at 22.
[8] *Id.* at 19.  According to the government's communications with BOP legal counsel, the BOP also considered whether Delco was eligible for home confinement in accordance with the Attorney General's March 26, 2020 memorandum directing the director of the BOP to prioritize transferring at-risk inmates to home confinement where appropriate in light of the COVID-19 pandemic.  R. Doc. 223 at 5, 7; *see* Memorandum from the Attorney General to the Director of the BOP, *Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic* (Mar. 26, 2020), *available at* https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement.pdf.  The BOP determined that Delco was not a candidate for home confinement because his Prisoner Assessment Tool Targeting Estimated Risk and Need ("PATTERN") score indicated he had a medium, rather than minimum, risk of recidivism.  R. Doc. 223 at 7.

Use of Home Confinement at Institutions Most Affected by COVID-19."[9]  Delco represented that he is at risk because he is over the age of 50 (although his records show he was 49 at that time),[10] suffers from hypertension, had back surgery in December 2015, has neck and leg nerve damage, and is an African-American male.[11]  On June 23, 2020, Delco appealed the warden's denial of his request (according to Delco, the request was denied on June 19, 2020), arguing that the denial was based on the "old" Program Statement 5050.50, even though that program statement was updated and amended by the Attorney General on March 26, 2020.[12]  On July 2, 2020, the warden denied his appeal, explaining that Delco was found not to be medically compromised and has a "medium" PATTERN risk score, and that the Attorney General's expansion of the BOP's authority, in order to address the difficulties associated with the COVID-19 pandemic, was not an amendment to the program statement.[13]

On July 7, 2020, Delco filed an emergency COVID-19 motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and request for appointment of legal counsel.[14]  This Court denied both requests in its Order & Reasons dated August 7, 2020.[15]  After the ruling was signed, Delco sought an extension of time to file a reply in support of his motion on the basis that his medical records had not yet arrived from the BOP,[16] but this motion was denied as moot.[17]

Thereafter, Delco filed a motion for reconsideration asserting that, because his medical records, once received, revealed a previously unknown diagnosis of type II diabetes mellitus, the Court should reconsider its Order & Reasons denying his July 7, 2020 motion for reduction in

---

[9] R. Doc. 219-1 at 15.
[10] *Id.* at 2.
[11] *Id.* at 15-16.
[12] R. Doc. 224 at 3.
[13] *Id.* at 4.
[14] R. Doc. 219.
[15] R. Doc. 226.
[16] R. Doc. 225.
[17] R. Doc. 227.

sentence.[18]  Delco argued that he was entitled to compassionate release because his recent diagnosis of type II diabetes mellitus puts him at a higher risk of complications were he to contract COVID-19.[19]  He contended that this July 20, 2020 diagnosis, which was unknown to him until he received his medical records, should be considered new evidence that would allow for reconsideration of this Court's prior order.[20]  In opposition, the government argued that the motion was premature because Delco had not exhausted the statutory administrative requirements for compassionate release.[21]  The Court construed the motion, not as one for reconsideration, but as a new motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) based on his diagnosis of type II diabetes mellitus.[22]  Nevertheless, the Court denied the motion, holding that Delco provided no proof that he applied to the warden of FMC Butner for a reduction in sentence based on the diabetes diagnosis, much less that he had exhausted his administrative remedies.[23]

Delco moved for reconsideration of this Court's September 21, 2020 Order & Reasons denying his motion for reconsideration that was treated as a new motion for reduction in sentence.[24]  He presented what he contended was evidence that he exhausted his administrative remedies.[25]  The documents show that, on June 26, 2020, Delco made an administrative request to the warden of FMC Butner for a reduction in his sentence.[26]  Further, Delco submitted an appeal to the mid-Atlantic regional office on August 1, 2020.[27]  The government opposed the motion arguing that Delco had not fully exhausted his administrative remedies by appealing any

---

[18] R. Doc. 230.
[19] *Id.* at 1-3.
[20] *Id.* at 1.
[21] R. Doc. 233 at 5-8.
[22] R. Doc. 236.
[23] *Id.*
[24] R. Doc. 242.
[25] *Id.*
[26] *Id.*
[27] *Id.*

4

denial to the BOP's general counsel or proved that he submitted a second administrative request for emergency release based on his diabetes diagnosis.[28] This Court denied the motion finding that Delco had not exhausted his administrative remedies.[29]

## II. PENDING MOTION

Delco moves yet again for compassionate release based on the COVID-19 pandemic asserting that his motion is ripe for consideration on the merits because he has exhausted his administrative remedies.[30] He argues that, although he had COVID-19 in October 2020, he is at higher risk of severe complications if he is reinfected because he has diabetes, hypertension, and obesity.[31] Delco points to examples of inmates who have died from COVID-19 and states that reinfection is likely in a prison, which is a congregate setting with little opportunity for social distancing and adequate sanitization.[32] Delco seeks to either be released or serve the remainder of his sentence in home confinement.[33]

In opposition, the government concedes that Delco has exhausted his administrative remedies, but argues that the motion should be denied on the merits because Delco has not proved extraordinary and compelling circumstances that warrant release.[34] The government observes that the BOP has exhibited a robust approach to combatting COVID-19 in its facilities, that Delco's medical conditions do not constitute extraordinary and compelling reasons for

---

[28] R. Doc. 244.
[29] R. Doc. 246.
[30] R. Doc. 248.
[31] *Id.*
[32] *Id.*
[33] *Id.*
[34] R. Doc. 250. The government points out that Delco addressed only his diabetes with the warden, not hypertension or obesity, but it urges that the motion should be denied on the merits even if these conditions are considered.

release, and that Delco has received the Pfizer vaccine.[35]  Further, the government argues that the Court lacks authority to direct the BOP to place Delco on home confinement.[36]

## III.   LAW & ANALYSIS

Generally, a district court "may not modify a term of imprisonment once it has been imposed." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)), *cert. denied*, 2021 WL 2044647 (U.S. May 29, 2021).  There are a few exceptions to this general rule that are enumerated in § 3582.  *Id.*  Relevant here, § 3582(c), as amended by the First Step Act, provides that "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).  While the policy statement and commentary to United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 are not binding on a court weighing a prisoner's own motion for compassionate release, *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021), they do inform a court's "analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."[37]  *Thompson*, 984 F.3d at 433 (citation omitted).  The comments to U.S.S.G. § 1B1.13 "provide four 'extraordinary and compelling reasons' that may justify reducing a prison term: (1) medical conditions, (2) age, (3) family circumstances, and (4) 'other reasons.'"  *Id.* (quoting U.S.S.G. § 1B1.13 cmt. n.1(A)-(D) (2018)) (alterations omitted).  A medical condition might be sufficiently serious to warrant

---

[35] *Id.*
[36] *Id.*
[37] Thus, while citing to and considering the policy statement and commentary to U.S.S.G. § 1B1.13, the Court does not rely on their application to resolve this motion but, instead, relies upon the statutory standard of "extraordinary and compelling reasons" set out in 18 U.S.C. § 3582(c)(1)(A).  *See United States v. Okpalobi*, 2021 WL 3509688, at *3 (E.D. La. Aug. 10, 2021).

release when the defendant has either a terminal illness or a condition that substantially diminishes the defendant's ability to provide self-care. *Id*. (citing U.S.S.G. § 1B1.13).

Delco does not assert that he has a terminal illness or is unable to care for himself. Rather, he cites diabetes, hypertension, and obesity as underlying conditions that elevate his risk of suffering severe symptoms should he be reinfected with COVID-19. In *Thompson*, the Fifth Circuit held that a defendant's hypertension, obesity, and diabetes did not constitute extraordinary circumstances because such conditions "are commonplace among Americans and can be properly treated with medication." *United States v. Smith*, 2021 WL 2514690, at *2 (E.D. La. June 18, 2021) (citing *Thompson*, 984 F.3d at 434). Moreover, Delco has been fully vaccinated against COVID-19. This fact militates against finding extraordinary and compelling circumstances here because the COVID-19 vaccine helps to prevent a person from contracting and spreading the virus, and also, in the event of a breakthrough infection, aids the person from becoming seriously ill. *United States v. White*, 2021 WL 3021933, at *4 (E.D. La. July 16, 2021) (collecting cases holding that a defendant's having received the COVID-19 vaccine cuts against a finding of extraordinary and compelling circumstances). Moreover, a generalized fear of COVID does not itself constitute an extraordinary and compelling circumstance or "automatically entitle a prisoner to release." *Thompson*, 984 F.3d at 435; *see also United States v. Moreno*, 2021 WL 2647005, at *2 (E.D. La. June 28, 2021) (compassionate release motions based on the COVID-19 pandemic generally require a showing that the inmate has a particularized susceptibility to the disease and a particularized risk of contracting it in his prison facility). In sum, Delco has not demonstrated "extraordinary and compelling reasons" justifying compassionate release under the standard set out in 18 U.S.C. § 3582(c)(1)(A) because he has not shown that he has a particularized risk from COVID-19 considering that his underlying

medical conditions of diabetes, obesity, and hypertension are commonplace and can be treated with medication and that he is fully vaccinated against the virus.[38]

As regards Delco's alternative request to serve the rest of his term in home confinement, rather than prison, the Court agrees with the conclusion of another section of this court "that not only does the BOP have sole authority to determine whether home confinement is appropriate, it is also the best positioned to make this determination." *United States v. Reed*, 464 F. Supp. 3d 854, 862 (E.D. La. 2020).

### IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that John Delco's motion for compassionate release (R. Doc. 248) is DENIED.

New Orleans, Louisiana, this 25th day of August, 2021.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[38] Given this holding, the Court need not reach the question whether the § 3553(a) factors disfavor Delco's request for a reduction in or modification of his sentence.